UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

FOURTH TEE, LLC,

      Plaintiff,

v.                            CASE NO.  8:12-CV-1249-T-17TGW

AXIS SURPLUS INSURANCE
COMPANY, et al.,

      Defendants.

_____/

ORDER

      This cause is before the Court on:

| Dkt. 11 | Motion to Remand |
|---------|------------------|
| Dkt. 16 | Opposition |
| Dkt. 18 | Motion for Leave to File Reply |

      Based on the allegations of the Amended Complaint (Dkt. 10), Plaintiff Fourth Tee, LLC moves to remand this case to Polk County Circuit Court.  The Amended Complaint includes Count I, Declaratory Judgment, and Count II, Breach of Contract. In Count I, Plaintiff seeks a judgment declaring Plaintiff's rights under Policy No. AX007FL0200306 issued by Axis Surplus Insurance Company, which covered the property located at 121 Tuxford Dr., Haines City, FL.

      This case was removed on the basis of diversity jurisdiction.  (Dkt. 1).  Defendant Axis Surplus Lines Insurance Company contends that diversity jurisdiction is not defeated by Plaintiff's joinder of Defendant William McIver, a Florida resident, because Defendant McIver was fraudulently joined.  (Dkt. 4).

Case No. 8:12-CV-1249-T-17TGW

Plaintiff moves to remand this case because Plaintiff's joinder of Defendant William McIver is not fraudulent, and this Court lacks diversity jurisdiction in that Plaintiff and Defendant McIver are citizens of Florida.

I. Standard of Review

On a motion to remand, the removing party bears the burden of establishing jurisdiction. Tapscott v. MS Dealer Serv. Corp., 77 F.3d 1353, 1356 (11th Cir. 1996). The Court construes removal statutes strictly, resolving all doubts about jurisdiction in favor of remand, and employing a presumption in favor of remand to state courts. University of South Alabama v. American Tobacco Co.., 168 F.3d 405, 411 (11th Cir. 1999). A party seeking removal on the basis of diversity of citizenship has the burden of proving that the action is wholly between citizens of different states, and the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. Sec. 1332.

Fraudulent joinder is a judicially created doctrine that provides an exception to the requirement of complete diversity.  Joinder is deemed fraudulent where: 1) there is no possibility that the plaintiff can prove a cause of action against the resident (non-diverse) defendant; 2) when there is outright fraud in plaintiff's pleading of jurisdictional facts; or 3) where a diverse defendant is joined with a non-diverse defendant as to whom there is no joint, several or alternative liability, and where the claim against the diverse defendant has no real connection with the claim against the non-diverse defendant. Triggs v. John Crump Toyota, Inc., 154 F.3d 1284, 1287 (11th Cir. 1998). When determining the issue of fraudulent joinder, the Court may consider affidavits and deposition transcripts submitted with motions, as well as the factual allegations of the complaint. Sierminski v. Transsouth Financial Corp., 216 F.3d 945, 949 (11th Cir. 2000).

2

Case No. 8:12-CV-1249-T-17TGW

II. Discussion

A. Fraudulent Joinder

Plaintiff argues that, under the applicable Florida Statutes, Defendant McIver is a proper party to be permissively joined as a defendant. Since Defendant McIver is a Florida resident, Plaintiff and Defendant McIver are not diverse parties. Plaintiff argues that the Court lacks subject matter jurisdiction based on diversity of citizenship, and Plaintiff's Motion for Remand should be granted.

Defendant Axis responds that claims against misjoined non-diverse defendants can be ignored for the purposes of determining diversity jurisdiction. Tapscott v. MS Dealer Service Corp., 77 F.3d 1353, 1360 (11th Cir. 1996), abrogated in other respects by Cohen v. Office Depot, Inc., 204 F.3d 1069, 1072 (11th Cir. 2000). Rule 20, Fed. R. Civ. P. permits joinder of defendants where a plaintiff asserts claims against them:

(1)     jointly, severally, or in the alternative with respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences; and

(2)     involving a common question of law or fact.

Fed. R. Civ. P. 20(a). The Court may remedy improperly joined claims by adding or dropping a party or by severing a claim. Fed. R. Civ. P. 21.

Defendant Axis argues that the claims against Defendant Axis and Defendant McIver do not arise out of the same transaction or occurrence. The claim against Defendant Axis arises out of the insurance contract between the insurer and the insured. The claim against Defendant McIver arises out of the alleged non-issuance of a certain type of coverage in the policy. Defendant Axis further argues that, under

3

Case No. 8:12-CV-1249-T-17TGW

Florida law, the two claims are distinct and cannot be brought simultaneously.    Under
Florida law, an action for negligent procurement does not accrue until the conclusion of
the related or underlying proceeding.   Blumberg v. USAA Casualty Ins. Co., 790 So.2d
1061 (Fla. 2001).    When the mere passage of time is insufficient to cure the premature
element of the action, as in this case, dismissal without prejudice is appropriate.   See
Brocato v. Health Options, Inc., 811 So.2d 827 (Fla. 2d DCA 2002); Looney v.
Protective Life Ins. Co., 2006 WL 2669190 (M.D. Fla. Sept. 6, 2007).   Defendant Axis
argues that Plaintiff's cause of action against Defendant McIver has not accrued, and
should be dismissed without prejudice.

The Court notes that Plaintiff  also alleges that Defendant McIver did not comply
with the statutory requirements of Surplus Lines Law.  Plaintiff further alleges that, at
the time Defendant McIver first procured the Policy from Defendant Axis,  the Policy did
not inform Plaintiff that the Policy excluded coverage for sinkhole losses, as required by
Ch. 627.706(3), Florida Statutes.  Plaintiff further alleges that Plaintiff's rights against
Defendant McIver are dependent on the facts or the law applicable to the facts "since if
the Policy does not afford sinkhole coverage, then FOURTH TEE has an action against
BROKER for failure to procure insurance coverage or failure to inform FOURTH TEE
that the requested insurance has not been procured...."

After consideration, the Court concludes that the claims against Defendant Axis
and Defendant McIver do not arise out the same transaction or occurrence.  Because
Defendant McIver has been misjoined as a defendant in this case, the Court will ignore
the citizenship of Defendant McIver.  The citizenship of Plaintiff Fourth Tee, LLC and
Defendant Axis Surplus Lines Insurance Company is diverse.   The Court therefore
denies Plaintiff's Motion to Remand.

Defendant Axis has raised other issues in Defendant's Response to Plaintiff's
Motion for Remand, but the Court finds it is not necessary to address them.

4

Case No. 8:12-CV-1249-T-17TGW

Accordingly, it is

ORDERED that Plaintiff's Motion for Remand (Dkt. 11) is **denied**.  Plaintiff's Motion for Leave to File Reply (Dkt. 18) is **denied as moot.**

DONE and ORDERED in Chambers, in Tampa, Florida on this 15th day of February, 2013.

ELIZABETH A. KOVACHEVICH
United States District Judge

Copies to:
All parties and counsel of record